IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                    CIVIL ACTION NO. 3:22-cv-418-CWR-FKB

2021 INFINITI Q60; 2017 FREIGHTLINER
CASCADIA SLEEPER SEMI TRUCK;
2016 BMW 328i; 2020 DODGE CHARGER;
2019 KIA OPTIMA; 2015 VOLVO XC60;
2018 JAGUAR F-PACE; 2013 CHEVROLET
CRUZE LT; $570.48 FROM MECU ACCOUNT
X3742; $100.98 FROM MECU ACCOUNT
X3784; $1.00 FROM MECU ACCOUNT X7430;
AND 1002 SILVER CIRCLE, PEARL, MS 39208        DEFENDANT PROPERTY

**VERIFIED COMPLAINT FOR FORFEITURE _IN REM_**

The United States of America, by and through its United States Attorney and the

undersigned Assistant U.S. Attorney for the Southern District of Mississippi, brings this Verified

Complaint for Forfeiture _in rem,_ in accordance with Rule G(2) of the Supplemental Rules for

Admiralty and Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules") and

the Federal Rules of Civil Procedure, and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action by the United States seeking forfeiture of real and personal

property—listed below (the "Defendant Property")—which was involved in or constitutes the

proceeds of a fraud scheme perpetrated by Robbie Lynn Reese.  The Defendant Property is

subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(A), (C), and (D), on the grounds that they

represent property which constitutes or is derived, directly or indirectly, from proceeds traceable

to 18 U.S.C. §§ 1001 (false statements regarding bank fraud), 1343 (wire fraud regarding a

financial institution), 1344 (bank fraud), and 1956 and 1957 (money laundering), or was used, or

intended to be used, in any manner or part, to commit, or to facilitate the commission of

violations of 18 U.S.C. §§ 1956 and/or 1957.

## THE DEFENDANT *IN REM*

2.      The Defendant Property[1] includes the following assets:

| No. | Asset ID | Property Description |
|---|---|---|
| A-001 | TBD | 2021 Infiniti Q60, with VIN JN1FV7LK4MM530488, MS Tag BOSSQN |
| A-002 | 22-USS-000168 | 2017 Freightliner Cascadia Sleeper Semi Truck, VIN 3AKJGHDV2HSHP8153, MS Tag A312825, registered to Agee Pro Transit Service |
| A-003 | 22-USS-000177 | 2016 BMW 328i, black, VIN WBA8E9G59GNT85563, MS Tag HNZ6311, registered to Robbie L. Reese |
| A-004 | 22-USS-000167 | 2020 Dodge Charger, VIN 2C3CDXBG3LH133568, LA Tag 538FKQ, registered to Robbie Lynn Reese |
| A-005 | TBD | 2019 KIA Optima, VIN 5XXGT4L31KG336907, registered in Louisiana to Desiree Marquisa Latrice Dixon |
| A-006 | 22-USS-000169 | 2015 Volvo XC60 Utility 4D T5 Premier Drive-E 2.0L I4 Turbo, VIN YV440MDB2F2578924, MS Tag HNW6165, registered to Robbie L. Reese |
| A-007 | 22-USS-000170 | 2018 Jaguar F-Pace Utility 4D S AWD, VIN SADCM2FV6JA272763, with MS Tag RAV2989, registered to Robbi Lynn Reese |
| A-008 | TBD | 2013 Chevrolet Cruze LT, silver, VIN 1G1PC5SB7D7129280, MS Tag HNW7884, registered to Robbie L. Reese |
| B-001 | 22-USS-000164 | $570.48 from Members Exchange Bank Account # 3030113742, held in the name of Robbie Reese |
| B-002 | 22-USS-000165 | $100.98 from Members Exchange Bank Account # 3030113784, held in the name of Agee Professional Tax Service, LLC |
| B-003 | 22-USS-000166 | $1.00 from Members Exchange Credit Union Account # 3030107430, held in the name of Agee Pro Transit Service, LLC |
| C-001 | TBD | 1002 Silver Circle, Pearl, MS 39208, titled to Robbie L. Reese |

---

[1]  The Defendant Properties which already have an asset identification number were seized pursuant to a federal seizure warrant.  Additional properties listed herein are also sought under this seizure warrant, and the United States will seek the seizure of additional property as they are identified.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over an action commenced by the United States

pursuant to 28 U.S.C. § 1345, and over an action for forfeiture *in rem* under 28 U.S.C. § 1355.

4.      Venue is proper in the Northern Division of the Southern District of Mississippi

pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(a), because the acts and/or omissions giving

rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395(b), because the

Defendant Property was found and seized in this District.

**BASIS FOR FORFEITURE**

5.      The Defendant Property is subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(A),

(C), and (D), on the grounds that they represent property which constitutes or is derived, directly

or indirectly, from proceeds traceable to 18 U.S.C. §§ 1001 (false statements regarding bank

fraud), 1343 (wire fraud regarding a financial institution), 1344 (bank fraud), and 1956 and 1957

(money laundering), or was used, or intended to be used, in any manner or part, to commit, or to

facilitate the commission of violations of 18 U.S.C. §§ 1956 and/or 1957.

6.      Section 981(a)(1)(D) of Title 18, United States Code makes subject to forfeiture

"[a]ny property, real or personal, which represents or is traceable to the gross receipts obtained,

directly or indirectly, from a violation of … (ii) section 1001 (relating to fraud and false

statements),  … or (vi) section 1343 (relating to wire fraud), if such violation relates to the sale

of assets acquired or held by the Federal Deposit Insurance Corporation, as conservator or

receiver for a financial institution, or any other conservator for a financial institution appointed

by the Office of the Comptroller of the Currency or the National Credit Union Administration, as

conservator or liquidating agent for a financial institution."

7.      Section 981(a)(1)(A) of Title 18, United States Code makes subject to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of the title, or any property traceable to such property."

8.      Section 981(a)(1)(C) of Title 18, United States Code makes subject to forfeiture "[a]ny property … which constitute or is derived from proceeds to [violations of specific sections, including § 1344 (bank fraud)] or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

## FACTS AND CIRCUMSTANCES

9.      A detailed account of the facts and circumstances supporting the seizure and forfeiture of the Defendant Property is set out in United States Secret Service Special Agent J. David Polson's declaration, attached hereto as Exhibit "A" and incorporated herein by reference.

## FIRST CLAIM FOR RELIEF

### (18 U.S.C. § 981(a)(1)(D))

10.     Paragraphs 1 through 9 above are incorporated by reference as if fully set forth herein.

11.     The Defendant Property constitutes real or personal property which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of 18 U.S.C. § 1001 (false statements regarding bank fraud) and/or 18 U.S.C. § 1343 (wire fraud).  These violations related to fraudulently obtained loans obtained through a financial institution and funds deposited into Members Exchange Credit Union accounts.  The Defendant Property is therefore forfeitable to the United States of America under 18 U.S.C. § 981(a)(1)(D).

## SECOND CLAIM FOR RELIEF
### (18 U.S.C. § 981(a)(1)(A) and (C))

12.     Paragraphs 1 through 11 above are incorporated by reference as if fully set forth

herein.

13.     The Defendant Property constitutes property involved in violations of 18 U.S.C.

§§ 1343 (wire fraud), 1344 (bank fraud), 1956 (money laundering), and/or 1957 (money

laundering) and property traceable, constituting, or derived from proceeds traceable to a violation

(or conspiracy to commit a violation) of any "specified unlawful activity" defined by 18 U.S.C. §

1956(c)(7), and is therefore forfeitable to the United States of America under 18 U.S.C. §

981(a)(1)(A) and (C).

**RESPECTFULLY SUBMITTED**, this the 22nd day of July 2022,

UNITED STATES OF AMERICA

DARREN J. LAMARCA
United States Attorney


By:     */s/ Clay B. Baldwin*
        CLAY B. BALDWIN (MSB 103478)
        Assistant United States Attorney
        501 East Court Street, Suite 4.430
        Jackson, MS 39201
        Telephone:  (601) 965-4480
        Fax:  (601) 965-4035
        Email:  clay.baldwin@usdoj.gov

## VERIFICATION

I, J. David Polson, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Secret Service ("USSS"), that I have read the foregoing Verified Complaint for Forfeiture *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint for Forfeiture *in rem* are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States of America, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a USSS Special Agent.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this the 22nd day of July 2022.

J. DAVID POLSON
Special Agent
United States Secret Service